```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                            CHARLESTON


WILLIAM A. LARUE,

        Plaintiff,

v.                                         Case No. 2:08-cv-01214

HUSTLER MAGAZINE, INC.,

        Defendant.
```

## PROPOSED FINDINGS AND RECOMMENDATION

By a second Order and Notice entered November 12, 2008 (docket # 8), the court gave Plaintiff one more opportunity to file an amended complaint, which he did on November 21, 2008 (# 9). His statement of claim reads as follows:

> Prison officials have no control over whether a magazine company will or will not send their magazine to a customer.  Hustler has control over those magazines which I seek to purchase.  The prison may allow such magazines, but they can't make a final ruling until the publications themselves are sent from Hustler to me at my current address.  Counsel for Hustler should forward these back issues to me, and upon receipt of those issues, this case will be settled.  After speaking with officials in this matter, I was advised that as long as its nude photos of children are in Hustler, they will not prohibit such publications, since it is not considered private pornography.
>
> Therefore it is clear, Hustler is in control of who they send their magazines to.  Hustler has never sent me a letter telling me that these back issues are not available.  Hustler has ignored my requests and letters concerning issues of Oct. 76 through Jan. 77 given I was born around this time.

(Amended complaint, # 9, at 4-5.)   The relief requested by

Plaintiff is: "I want Hustler to send me back issues of their magazine for Oct. 76 thru Jan. 77, either directly or through counsel." Id., at 5.

It appears to the court that Plaintiff's claim is that he wants to buy some back issues of Hustler magazine, and the magazine is ignoring his requests or refusing to honor them. The court is aware of no authority which requires a private entity to sell its product to anyone. Plaintiff's allegation fails to state a claim upon which relief can be granted, and if there were such a claim, this court lacks subject matter jurisdiction over it. This case fails to state a claim against Hustler for violation of Plaintiff's civil rights, as Hustler is not a state actor. Thus there is no federal question jurisdiction. This case fails to meet the requirements of diversity of citizenship jurisdiction because more than $75,000 is not at issue.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's amended complaint fails to state a claim upon which relief can be granted and that this court lacks subject matter jurisdiction over Plaintiff's dispute with Hustler magazine. It is respectfully **RECOMMENDED** that this case be dismissed with prejudice.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

    January 8, 2009
         Date

Mary E. Stanley
United States Magistrate Judge